NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar #13644
BIANCA R. PUCCI
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Bianca.Pucci@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>STEPHEN THOMAS PARSHALL,<br><br>Defendant. | Case No.  2:20-MJ-621-VCF<br><br>**CRIMINAL COMPLAINT**<br><br><u>**VIOLATIONS**</u><br><br>18 U.S.C. §§ 2251(a) and (e) – Sexual Exploitation of Children |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being first duly sworn, deposes and states:

<u>COUNT ONE</u>
*Sexual Exploitation of Children*
(18 U.S.C. §§ 2251(a) and (e))

Beginning on a date unknown and continuing to on or about May 30, 2020, in the State and Federal District of Nevada,

**STEPHEN THOMAS PARSHALL,**

defendant herein, did employ, use, persuade, induce, entice, and coerce a minor, VICTIM 1, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting

interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. §§ 2251(a) and (e).

## PROBABLE CAUSE AFFIDAVIT

Complainant, Skyler Penrod, is a Special Agent with the Federal Bureau of Investigation, states the following as and for probable cause:

1. Your Complainant is a Special Agent with the Federal Bureau of Investigation (FBI) in the Las Vegas Division and assigned to investigate Internet Crimes Against Children (ICAC). Your Complainant has approximately eight years of experience as a law enforcement officer and has been a Special Agent with the FBI since January of 2019. Your Complainant has received formal training in the field of child pornography, internet crimes against children, and interview and interrogation. Your Complainant is a member of the FBI's Child Exploitation Task Force (CETF). As a member of the CETF your Complainant has conducted numerous search warrants, interviews and gained firsthand knowledge and experience through formal classes as well as through other Special Agents and CETF Officers.

2. This Affidavit is made in support of a complaint charging STEPHEN THOMAS PARSHALL with a violation of 18 U.S.C. §§ 2251(a) and (e), which makes it illegal to use a minor to engage in any sexually explicit conduct for the purpose of producing any visual depictions of such conduct.

3. The statements contained in this affidavit are based on an FBI and Las Vegas Metropolitan Police Department (LVMPD) investigation for which I have been personally involved, and also includes information obtained from other law enforcement officials involved in the investigation. I have not included each and every fact known to me, but rather, have set forth only the facts that I believe are necessary to establish probable cause. In an attempt to

anonymize the victim involved in this case, she will be referred to as "VICTIM 1." All times are approximate.

### FACTS ESTABLISHING PROBABLE CAUSE

4. On or about May 30, 2020, an investigation for terrorism related offenses led to the arrest of STEPHEN THOMAS PARSHALL, at the location of 4480 E. Charleston Blvd., Las Vegas, Nevada 89104. At the time of his arrest for the terrorism related offenses, investigators sealed and towed PARSHALL's vehicle, a Chevrolet Silverado, bearing Nevada license plates 611SLT, which was registered to his father, to the FBI Las Vegas Field Office.

5. On May 31, 2020, Nevada State District Court Judge Cristina D. Silva authorized a search warrant for several residences and vehicles related to the terrorism case, including PARSHALL's residence and PARSHALL's vehicle. The search warrant authorized investigators to seize electronic and digital devices from the residences and vehicles. Upon execution of said search warrant, numerous electronic and digital storage devices were seized, including a black Samsung A6 cellular phone,[1] which was recovered from PARSHALL's vehicle. This phone belongs to PARSHALL.

6. On June 1, 2020, a second search warrant was authorized by Nevada State District Court Judge Cristina D. Silva for forensic examinations on three cellular devices seized during the previous search warrant, including PARSHALL's cellular phone.

7. On June 1, 2020, a forensic review of PARSHALL's cellular phone was initiated. During the review of PARSHALL's cellular phone, terrorism investigators believed they found thumbnail images of child pornography.

---

[1] Samsung cellular phones are manufactured outside the state of Nevada and arrive in the state of Nevada through interstate commerce.

8. On June 2, 2020, your complainant reviewed the images and confirmed them to be child pornography. The following is a description of two of those files:[2]

    a. **File name:** .thumbdata4—1967290299embedded_405.jpg
       **MD5:** 72741110c730c59250d600e0367b811e
       **Image Description:** This image depicts a close-up of a pre-pubescent female child, approximately 9 to 12 years of age, performing fellatio on a male's erect and exposed penis. The child has a diminutive stature and lacks fatty deposits.

    b. **File name:** .thumbdata4—1967290299embedded_482.jpg
       **MD5:** 68127e92756d3916fc0ea0b85486ff25
       **Image Description:** This image depicts a close-up of a partially nude pre-pubescent female child, approximately 9 to 12 years of age, lying on her back. The child has her legs spread apart, thus exposing her bare vagina. A male's erect penis is seen touching the child's vagina. The child has a diminutive stature and lacks fatty deposits and pubic hair development.

9. Your Complainant stopped any further exam of PARSHALL's cellular phone after confirming the images to be child pornography pending a subsequent search warrant to seize evidence of the child exploitation offenses. On June 5, 2020, Nevada State District Court Judge Cristina D. Silva authorized a third search warrant for the forensic examination of PARSHALL's cell phone to seize evidence of child exploitation offenses.

10. On June 11, 2020, Forensic Examiner Matthew Trafford completed a forensic examination report on PARSHALL's cell phone, identified as a Samsung, SM-A600T, Cell Phone, IMEI: 359481090620583, phone number: 1702426xxxx.[3] LVMPD Detective Scott Miller reviewed the forensic findings and discovered 10 images of child pornography. Detective Miller also located numerous images of age difficult/child erotica. There were hundreds of family

---

[2] A copy of the images described in this Complaint have been provided to the Court for its review in making its probable cause determination. The images will be maintained by the case agent during the pendency of this case pursuant to 18 U.S.C. § 3509(m).

[3] The full phone number is known to investigators; it is redacted for purposes of this complaint.

4

pictures to show ownership of PARSHALL's cell phone. An image of PARSHALL's driver's license was also discovered on his cellular phone.

11. Through investigative efforts, at least one of the victims depicted in the child pornography found on PARSHALL's phone was identified. On June 11, 2020, the identified minor female child, hereinafter referred to as VICTIM 1, was forensically interviewed at the Southern Nevada Children's Advocacy Center (SNCAC).

12. During her forensic interview, VICTIM 1 initially did not disclose any sexual exploitation. Towards the end of the interview, the forensic interviewer showed VICTIM 1 three sanitized images taken from PARSHALL's phone that were believed to be of her. When VICTIM 1 was shown the last of the three images, she became visibly nervous and stated "Okay, I'm just gonna be completely honest with you. I've been having to, um, have sex with [PARSHALL]." The image that VICTIM 1 identified was an image where she is seen performing fellatio on PARSHALL's erect penis.[4] VICTIM 1 stated PARSHALL began sexually abusing her at the age of 10 at PARSHALL's residence in Las Vegas, Nevada. Investigators concluded the interview because VICTIM 1 was having an extremely difficult time coping with the situation. Investigators determined that it would be best to give VICTIM 1 a break and schedule a follow-up interview on a later date.

13. On June 23, 2020, VICTIM 1 participated in a second forensic interview at the SNCAC. VICTIM 1 requested a female forensic interviewer because she did not feel comfortable speaking to a male about the sexual abuse since it was a male who sexually abused her. The following is a brief summary of VICTIM 1's forensic interview and should not be considered verbatim: VICTIM 1 disclosed numerous instances of sexual abuse perpetrated by PARSHALL. VICTIM 1 indicated PARSHALL started abusing her when she was approximately 9 or 10 years

---

[4] This is the same image as previously described in paragraph 8(a) of this complaint.

old. VICTIM 1 stated that she "sucked" PARSHALL's erect penis on many occasions. VICTIM 1 also indicated that PARSHALL would massage her vagina with his erect penis by rubbing his penis on her vagina and clitoris and would sometimes penetrate her vagina with the tip of his erect penis. VICTIM 1 also informed investigators that PARSHALL would anally penetrate her.

14. During the second forensic interview, VICTIM 1 was shown the same three thumbnail images from her first interview, as well as a fourth thumbnail image.[5] VICTIM 1 identified herself and PARSHALL as the people in the images. VICTIM 1 stated, "usually he would tell me to close my eyes when he took the picture and I would just see the flash." VICTIM 1 indicated she thought the flash of light was a flashlight at first, but then believed it to be the flash of a picture being taken with a cell phone. VICTIM 1 indicated that she thought the flash was coming from PARSHALL's cell phone. VICTIM 1 indicated that the pictures were usually of her sucking PARSHALL's penis or of PARSHALL rubbing his penis on her vagina. After VICTIM 1 saw a flash, she would later check PARSHALL's cell phone to see if there were any pictures of the incident. When she was able to look through his camera roll, she did not see any photos and believed he had deleted them.

---

[5] The image previously described in paragraph 8(a) of this complaint was shown to VICTIM 1 during both interviews. The image previously described in paragraph 8(b) was shown to VICTIM 1 during the second forensic interview.

## CONCLUSION

15. Based on my training, experience and the totality of the facts related, I submit that there is probable cause to believe that STEPHEN THOMAS PARSHALL, defendant herein, has committed *Sexual Exploitation of Children*, in violation of 18 U.S.C. §§ 2251(a) and (e)

_____
Skyler Penrod
Special Agent – Federal Bureau of Investigation

Subscribed and sworn to before me this 29th day of July, 2020.

_____
United States Magistrate Judge